## Case No. 5,023.
FOYE v. LECKIE.

[1 Spr. 210.] [1]

District Court, D. Massachusetts. Jan. 1853.

J. H. Prince, for libellant.
R. H. Dana, Jr., for respondent.

SPRAGUE, District Judge. It is not necessary to lay down any general rule, fixing the limits of a second mate's duty. Slushing masts and taking in light sails, are parts of a seaman's duty, but not usually assigned to able seamen, if there are light hands on board, and never to a second mate, unless in an exigency, and when all the men are otherwise employed. The experts agree in this. It is argued, that the second mate is a workman on board, and must, at the discretion of the master, do any part of the duty of a seaman, when not in command of a watch. I do not deem it necessary to go into the inquiry, how far the second mate is bound to slush the masts and take in light sails, when ordered to do so, in the fair exercise of the discretion of the master; for in this case, it is plain, that the order was given, not for the performance of a necessary duty, but as a punishment, when there had been no offence which could justify it. The officer had a right to protect himself and his rank. He did not do so by formidable resistance. He submitted quietly to the penalty of his refusal.

I am of opinion, that his imprisonment was wrongful, and that he is entitled to compensation. It appears that the libellant has also instituted criminal proceedings against the master, which are still pending. I shall give no damages beyond the mere indemnity for the wrong done.

Decree for $100 and costs.